IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY J. DUBORD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:16-CV-1402-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment remanding the matter was entered on April 5, 2018. Pending before the court is plaintiff's motion for an award of $7,488.00 in attorney's fees plus $600.00 in costs under the Equal Access to Justice Act (EAJA) (Doc. 22).

**I. BACKGROUND**

Plaintiff initiated this action by way of a complaint filed on June 22, 2016. The certified administrative record was served on plaintiff and lodged with the court on or about September 29, 2016, consisting of 665 pages. Thereafter, plaintiff filed a 12-page opening brief on the merits on November 7, 2016. In her brief, plaintiff raised one argument: "Whether the

1

ALJ violated agency policy and circuit precedent by relying upon the Medical-Vocational Rules of Appendix 2 to deny benefits at Step 5 of the sequential evaluation proceeding without obtaining necessary vocational expert (VE) testimony despite the presence of significant non-exertional limitations." The court found the ALJ erred by not obtaining vocational expert testimony and remanded the matter for further proceedings.

## II. DISCUSSION

Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103

2

F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. Finally, fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

In this case, defendant does not argue its position was substantially justified at either the agency level or before this court. Instead, defendant argues the amount of fees requested by plaintiff is unreasonable because counsel claims an excessive amount of time spent on the case.[1] Defendant also contends counsel is not entitled to recover $200.00 in costs associated with his pro hac vice application.

**A.     Attorney's Fees**

Defendant contends:

> Here, the hours requested are excessive as the only issues presented are commonplace for disability cases, the issue presented required no review or summary of the medical records, and Plaintiff's counsel is, by his own admission, an expert in Social Security law. First, Plaintiff's counsel presented a single, vocational argument that should not have required much original research for a Plaintiff's attorney as

---

[1]     Defendant does not challenge counsel's claimed hourly rate.

3

experienced as Plaintiff's counsel. Doc. No. 16. Second, Plaintiff's attorney did not contest the ALJ's RFC or credibility determination, rendering most of the already relatively normal length transcript (654 pages) irrelevant to the case at hand. Third, as stated in his Motion for Attorney's Fees, Mr. Chermol has significant experience with Social Security disability litigation, including working as a senior disability litigator and litigating "some of the most important disability cases" for the Social Security Administration, briefing hundreds of disability cases across the United States, and providing training to other disability attorneys (Doc. No. 22-1, Statement of Attorney Hours Expended). Therefore, Plaintiff's counsel does not need more than the reasonable amount of time for a routine case.

Despite his expertise and presenting the single issue that required no review of the medical evidence, Plaintiff's counsel still spent about 28.1 hours to review the transcript and draft his 10-page opening brief, excluding caption and signature pages. Docket No. 22-1. His hours for filing even his initial brief is well over the reasonable amount needed to process *entire* routine social security cases with similar issues. *See Afanador v. Sullivan*, 809 F. Supp. 61, 65 (N.D. Cal. 1992) (without analysis, court found 22.3 hours reasonable); *Vanover v. Chater*, 946 F.Supp. 744 (E.D. Mo. 1996) (routine Social Security cases usually require between fifteen and twenty hours); *Blaisdell v. Sec'y of Health and Hum. Serv.*, 623 F.2d 973, 976 (D. Me. 1985) (22.8 hours considered appropriate).

Given Plaintiff's counsel's long experience in social security litigation, the Commissioner can only conclude that, to accrue such long hours on this case, he spent unnecessary time reviewing the normal transcript and conducting additional legal research that, considering his vast and wide experience in briefing and training other attorneys on disability law, he should have already been familiar with. *See Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1998) (the reasonableness of an attorney fee is determined by such factors as the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly and the experience, reputation, and ability of the attorney); *Silva v. Bowen*, 658 F.Supp. 72, 73 (E.D. Pa. 1987) (the court reduced claimed hours as excessive where the social security disability case was not "particularly complex" and did not raise "novel issues"). The EAJA petition therefore represents a failure to exercise billing judgment and "winnow the hours actually expended down the hours reasonably expended." *Spegon*, 175 F.3d at 552; *see also, e.g.*, *Ashton v. Pierce*, 580 F. Supp. 440, 442 (D.D.C. 1984) ("excessive use of attorney time should not be at government expense"); *Tasby v. Estes*, 651 F.2d 287, 289-90 n.1 (5th Cir. 1981) ("Parties seeking the assurance that clear representation overkill can provide must bear themselves the costs that it occasions."). Accordingly, the government should not be charged in full for such excessive billing.

Given the relatively short length of the record, the brief memorandum filed by plaintiff arguing only one issue, and in the exercise of its discretion, the court finds a reduction in fees requested by 10% is appropriate.

///

4

**B. Costs**

Regarding costs, defendant argues:

> . . .Plaintiff's counsel is not entitled to pro hac vice fees as a cost under EAJA. The Supreme Court has clarified that only the items specifically listed in 28 U.S.C. 1920 (above) are compensable as costs. (footnote omitted). *See West Virginia University Hospitals v. Casey*, 499 U.S. 83, 86 87 (1991); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).
> Secondly, it is not reasonable to request pro hac vice fees. Pro hac vice fees should not be requested as a cost pursuant to 28 U.S.C.S. § 1920 because they are an expense of counsel, not the client. Pro hac vice fees "'are an expense that an attorney pays for the privilege of practicing law in a district and should not be taxed to a defendant simply because a plaintiff chooses to be represented by counsel not admitted to practice in the district.'" *Gibby v. Astrue*, 2012 WL 3155624, *9 (W.D.N.C. Aug. 2, 2012) (citation omitted). Because Plaintiff could have used local counsel and, indeed, employed counsel Stuart T. Barasch, from Los Angeles, California, this Court should not allow the $200.00 pro hac vice fee. *Raduga U.S.A. Corp. v. U.S. Dep't of State*, 2006 WL 1305216, at *6 (S.D. Cal. Feb. 17, 2006), *vacated on other grounds*, 2006 WL 1305215 (S.D. Cal. Mar. 16, 2006).
> Defendant, therefore, requests a 20-hour, or $3,840.00, reduction in billing and a $200.00 reduction in costs for the pro hac vice fees. The 20-hour reduction represents unnecessary time spent drafting a brief regarding a single vocational issue that required no review of the medical evidence. Plaintiff's counsel would still be eligible for 24.8 hours, or $4,761.60, at the 2016 attorney rate, which is well within the framework for reasonable attorney fees on a routine Social Security case.

Defendant's argument is unpersuasive because pro hac vice fees, charged by the Clerk of the Court, can be considered "Fees of the clerk" under 28 U.S.C. § 1920(1).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an award of fees and costs under the EAJA (Doc. 22) is granted, in part;

2. Plaintiff is awarded $6,739.20 in fees and $600.00 in costs, payable to plaintiff within 65 days of the date of this order.

Dated: March 6, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE